**UNITED STATES of America**

v.

**Chiamaka WILLIFORD.**

No. 04–2583.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 26, 2006.

Decided Feb. 14, 2006.

Martin Harrell, Ara B. Gershengorn, Office of United States Attorney, Philadelphia, PA, for United States of America.

Jerry S. Goldman & Associates, Philadelphia, PA, for Chiamaka Williford.

Before: RENDELL and SMITH, Circuit Judges and IRENAS,* District Judge.

### OPINION OF THE COURT

RENDELL, Circuit Judge.

Chiamaka Williford raises a challenge based on *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to the sentence he received following his guilty plea to charges of distributing crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. § 860(a). He was sentenced to forty-six months in prison, followed by six years of supervised release. Williford argues that his sentence should be vacated under *Booker* because the District Court erroneously treated the Federal Sentencing Guidelines as mandatory rather than advisory. *See United States v. Davis,* 407 F.3d 162, 164 (3d Cir.2005) (en banc).

This case is controlled by our decision in *United States v. Lockett,* 406 F.3d 207 (3d Cir.2005), in which we held that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to

---

* Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by designation.

appeal, the defendant is not entitled to resentencing in light of *Booker*." *Id.* at 214. In his plea agreement, Williford "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution." (Plea Agmt. ¶ 7 at App. 59.) The only exceptions to this waiver were for an appeal based on a claim that his sentence exceeded the statutory maximum or that the sentencing judge erroneously departed upward from the guidelines range. This waiver is almost identical to the one at issue in *Lockett*. Because Williford does not contest his sentence on one of the enumerated exceptions, we will dismiss his appeal as inconsistent with the appellate waiver in his plea agreement. *Lockett*, 406 F.3d at 214.